UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case Number 18-20183
Honorable David M. Lawson

MICHAEL BENDER,

Defendant.
_______________________________________/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Michael Bender has filed a motion asking the Court to reduce his sentence to time served under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Bender has served approximately 21 months of a 96-month prison sentence for conspiracy to distribute controlled substances. He argues that a sentence reduction is justified by his medical conditions (obesity, moderate asthma, prediabetes) coupled with the threat of infection with the novel coronavirus in the congregant confinement of a prison setting. The government concedes that Bender's obesity is a medical risk factor that may amount to an extraordinary and compelling reason for release, but it maintains that he would be a threat to public safety if released. Although Bender's obesity coupled with the threat of a COVID-19 infection may amount to "extraordinary and compelling reasons [to] warrant such a reduction," as section 3582(c)(1)(A)(i) requires, consideration of the factors in 18 U.S.C. § 3553(a) do not favor early release. Because Bender has not demonstrated that immediate release is appropriate or that he qualifies for release under any other provision of section 3582(c)(1), the motion will be denied.

I.

Bender pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and oxycodone. On March 12, 2019, the Court sentenced him to 96 months in prison to be followed by three years of supervised release. Bender surrendered to the custody of the Bureau of Prisons on April 16, 2019, and he presently is confined at FCI Williamsburg, in South Carolina, which is a medium-security facility that houses around 1,366 inmates. Bender presently has served approximately 21 months of his prison sentence. Public records of the BOP indicate that the defendant is scheduled to be released from prison on April 18, 2025. Bender is 34 years old.

On May 26, 2020, Bender submitted an administrative request for compassionate release, which the Warden at FCI Williamsburg denied on June 15, 2020. On September 8, 2020, Bender filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (ECF No. 203), which he supplemented twice with the assistance of counsel on October 9, 2020.

The most recent data disclosed by the BOP indicates that there are 22 active coronavirus cases among inmates and 36 among staff at the Williamsburg facility. In addition, 126 inmates previously were diagnosed and now have recovered. Two COVID-19-related deaths have been reported among inmates. *See* https://www.bop.gov/coronavirus/.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the

inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Bender relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority

of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

More recently, the court of appeals took the explanation a step further. In *United States v. Elias*, --- F.3d ---, No. 20-3654, 2021 WL 50169 (6th Cir. Jan. 6, 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for reviewing . . . requests.'" 2021 WL 50169 at *1 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at *2. It then held that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.*

A.

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied.

B.

Addressing the first element — extraordinary and compelling reasons — Bender argues that his medical conditions expose him to an elevated risk of complications from the highly-contagious novel coronavirus. In *Jones*, the court of appeals noted that a prisoner may establish "extraordinary and compelling reasons" warranting early release either where he "has COVID-19 (because [the inmate] may suffer from serious long-term health problems and potentially may

require treatment that he cannot receive [while in custody]), or where he does *not* have COVID-19 (because [other] medical issues put [him or her] at risk of contracting the virus)." *Jones*, 980 F.3d at 1106 n.6.

The defendant is justifiably concerned about the health risks posed by his incarceration. "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications and death. . . . [T]he Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ibid.* (collecting cases; footnotes omitted).

It is widely recognized and publicly acknowledged that persons with certain medical conditions face an increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassiter*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk

factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are at Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16). It is appropriate to consult the CDC guidelines and other "scientific journal[s]" when determining whether extraordinary and compelling reasons exist. *Elias*, 2021 WL 50169, at *4.

The defendant's age (34) does not put him in a high-risk category, but he correctly points out that another pertinent recognized risk factor — obesity (Body Mass Index greater than 30) — renders him medically vulnerable.

Although the government disputes that Bender suffers from moderate or severe asthma and prediabetes, it acknowledges that he is obese. Bender stands at about 5'5" and his weight has ranged from 219 to 256 pounds, meaning that his BMI variously measured between 36 to 42. Medical Records, ECF No. 237, PageID.1587. Most recently, his BMI hovered around 36 in September 2019. *Id.* at PageID.1318 The CDC's guidelines advise that individuals who are obese (BMI of 30 or greater) are among those with the "strongest and most consistent evidence" of severe illness from COVID-19. *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Ctrs. for Disease Control and Prevention (Nov. 2, 2020), https://bit.ly/34aDRY6.

The defendant's "prediabetes" does not provide an extraordinary and compelling reason for his release because "'prediabetes' does not denote a diagnosed diabetic condition. Instead, it indicates merely the presence of higher than normal blood sugar which may make it more likely that a person will develop Type 2 diabetes." *United States v. Simmons*, No. 18-20270, 2020 WL 4816199, at * 2 (E.D. Mich. Aug. 19, 2020) (citing WebMD: Types of Diabetes, https://www.webmd.com/diabetes/guide/types-of-diabetes-mellitus). However, the record

supports Bender's argument that he also has moderate asthma, which the CDC recognizes as a condition that "might" increase one's risk of a severe COVID-19 infection. *People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention (Dec. 1, 2020), https://bit.ly/37et6FJ. The defendant was diagnosed with "moderate intermittent" asthma, for which he was prescribed an inhaler. He also has been hospitalized due to the condition, the most recent time occurring in 2016.

Bender also argues that if he were to be sentenced today, he would not be designated a career offender, because his offense of conviction no longer qualifies him for that designation. Although the Sentencing Guideline Manual identifies substantive controlled offenses as qualifying offenses, attempts and conspiracies are designated as such only in the application notes. In *United States v. Havis*, the court of appeals held that "attempted" controlled substance offenses cannot be considered predicate offenses under the Sentencing Guidelines's career offender enhancement provisions because attempts are not found in the textual definitions; they were added by the commentary, which had not been subject to congressional review. 927 F.3d 382, 386-87 (6th Cir. 2019). The court of appeals has applied that same reasoning to conspiracies. *See United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020).

The government does not take issue with this contention, although it questions the relevance of the argument. The Court agrees that it has no impact here. It is apparent that Bender's career offender guideline range (151 to 188 months) was not the driving force behind his sentence. And his actual sentence falls within the range that Bender predicts would apply if his guideline range were to be calculated without that enhancement (92 to 115 months). *Havis*'s impact on Bender's sentence, even if determined to be retroactive, would not by itself or taken together with

other factors support a finding of extraordinary and compelling reasons to support a sentence reduction.

Nonetheless, the government concedes that "Bender has satisfied the first eligibility threshold for compassionate release during the pandemic," in light of "the heightened risk that Covid-19 poses to someone with obesity." ECF No. 236, PageID.1524.

C.

Despite the defendant's satisfactory showing of extraordinary medical risk, early release is not justified in this case because the relevant section 3553(a) factors weigh heavily against discharging him into the community.

The government insists that compliance with the Sentencing Commission's policy statement on compassionate release is mandatory, pointing to one line in section 1B1.13 that requires the prisoner to prove lack of dangerousness. That argument, however, is a dead letter after the Sixth Circuit's decision in *Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

That is not to say that dangerousness is irrelevant. It is a factor incorporated in section 3553(a), which must be "consider[ed]" before release for extraordinary and compelling reasons may be allowed. *See* 18 U.S.C. § 3553(a)(2)(C) (requiring a sentencing court to consider "the need . . . to protect the public from further crimes of the defendant"). And any sentence reduction also must account for "the seriousness of the offense," the need "to promote respect for the law," and "afford adequate deterrence to criminal conduct." *Id.* § (2)(A), (C). These factors are to be

considered together with the prisoner's circumstances to arrive at a conclusion that they are sufficiently extraordinary and compelling to justify a sentence reduction.

Bender's crime is serious. He played a key role in promoting a significant drug trafficking conspiracy after its leaders were arrested, coordinating the distribution of controlled substances, which included cocaine and opiates. He possessed firearms throughout the conspiracy and maintained multiple premises to evade police. Bender engaged in this conduct despite having already accrued six prior felony convictions, including convictions for attempted delivery of crack cocaine (twice), receiving or concealing stolen property (motor vehicle), fleeing arrest (twice), and drug possession.

The Court determined at the time of sentencing that the 96-month prison sentence was necessary to achieve the goals of sentencing Congress identified in 18 U.S.C. § 3553(a), and one of those goals — protection of the public — was paramount in this case. Since his incarceration, Bender received two disciplinary reports for drug possession, both of which the BOP considered among the "greatest severity level" of offenses. Disciplinary Record, ECF No. 236-2, PageID.1536. These and other factors led the BOP to give the defendant a "high" PATTERN score, indicating that he has a high risk of recidivism. PATTERN Score, ECF No. 236-1, PageID.1534.

It is true that if sentenced today, Bender would not qualify as a career offender in light of the Sixth Circuit's decision in *Havis*. However, the Court imposed a sentence that was appropriate and addressed the factors in section 3553(a), career offender or not. Reducing Bender's sentence by nearly four-fifths of the original custodial term certainly would not promote respect for the law or provide a just punishment for the defendant's crime. Nor would it serve as a significant deterrent to others; to the contrary, it severely would undermine the goals of both specific and general

deterrence, which is of particular concern with a defendant who has demonstrated his enterprising resourcefulness in flouting the law.

Consideration of the factors in 18 U.S.C. § 3553(a) weighs heavily in this case against granting any reduction in sentence, and those factors foreclose relief, particularly in conjunction with the remote risk of infection in the present circumstances of confinement. On similar facts, notwithstanding an inmate's demonstration of elevated medical risk, federal courts readily have denied compassionate release motions by defendants who were convicted of serious drug crimes and had served only small portions of their sentences, particularly where there were few or no active infections at the prisons where they were confined. *E.g.*, *United States v. Lamar*, No. 18-20183, 2020 WL 7319431, at *4 (E.D. Mich. Dec. 10, 2020); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *4 (E.D. Mich. Dec. 9, 2020); *United States v. Douglas*, No. 16-20436, 2020 WL 7225773, at *4 (E.D. Mich. Dec. 7, 2020); *United States v. Benge*, No. 12-59, 2020 WL 5845892, at *4 (E.D. Ky. Oct. 1, 2020); *United States v. Myers*, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020). There are no facts apparent in this record suggesting that a different outcome is warranted here.

III.

Bender has exhausted his administrative remedies. However, he has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 203) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 28, 2021